Huang v. Holder

BIA
A099 183 869

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

XIAODAN HUANG,
> *Petitioner*,

     v.                     11-3715
                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:       Chunyu Jean Wang, Flushing, NY.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiaodan Huang, a native and citizen of China, seeks review of an August 24, 2011 decision of the BIA denying her motion to reopen her removal proceedings. *In re Xiaodan Huang*, No. A099 183 869 (B.I.A. Aug. 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered, and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Huang's second motion to reopen, filed nearly two years after the immigration judge's ("IJ") order of removal became final, was untimely and number-barred. *Id.*

Huang contends that the time limitation should be equitably tolled because of her prior counsel's ineffective

2

assistance.  *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008).  To prevail on a claim of ineffective assistance of counsel, a movant must show that competent counsel would have acted otherwise and that she was prejudiced by her counsel's performance.  *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993) (per curiam).  As discussed below, the BIA did not abuse its discretion in finding that Huang failed to show she was prejudiced by her counsel's performance.

Huang alleges that she had three representatives, each of whom provided ineffective assistance: (1) "Ms. Wang," a non-attorney immigration consultant who--allegedly unbeknownst to Huang--filed an application for adjustment of status for Huang based on a fraudulent marriage certificate; (2) Gary Yerman, an attorney who represented Huang in connection with her application for asylum, withholding or removal and CAT relief, and who failed to discover Wang's fraudulent filings, including the fake marriage certificate, and failed to file an ineffective assistance claim against Wang; and (3) Gonzalo "Jun" Policarpio, a non-attorney immigration consultant, who, among other things, caused Huang to file an untimely motion to reopen and subsequent

3

appeal, and neglected to file an ineffective assistance claim against Wang and Yerman. In essence, Huang claims that she was prejudiced by her former counsel's errors because her application for asylum, withholding of removal, and CAT relief was denied on the basis of the fraudulent marriage certificate.

We reject Huang's claim. First, Huang suffered no prejudice as a result of Wang's fraudulent filing or Yerman's failure to discover the fraud. The IJ stated in his 2009 written decision denying Huang's first motion to reopen that he had denied her applications for relief not because she previously filed an application for adjustment of status based on a fraudulent marriage certificate, but based on his "determin[ation] that [she] had failed to establish eligibility for such relief." October 14, 2009 Order at 2, Petr. Add. 295.

Moreover, Huang did not meet her burden of supporting her motion with relevant evidence. *See INS v. Abudu*, 485 U.S. 94, 110 (1988) (analogizing burden faced by alien seeking to reopen removal proceedings to that of criminal defendant moving for new trial). BIA procedures allowed Huang to file a motion for preparation of her transcripts in

4

support of her motion to reopen, but she failed to do so. *See* BIA Practice Manual 5.5 ("Transcript Requests"). Huang's failure to support the allegations in her second motion to reopen with transcripts of either her hearings or the IJ's 2009 oral decision is fatal to her ability to show that the denial rested in fact on--or was even related to-- the fraudulent marriage certificate or other prejudice arising from her counsel's alleged errors. *See Rabiu*, 41 F.3d at 882.

Huang argues--using an isolated quotation from a recording of the IJ's oral decision that is not in the record--that Wang's submission of the fraudulent marriage certificate wrongfully served as the basis for the IJ's decision to deny her applications for relief. We are unable to consider this argument, however, because our review is limited to the record on appeal. *See Zhou Yun Zhang v. INS*, 386.F.3d 66, 73-74 (2d Cir. 2004), overruled on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3D 296 (2d Cir. 2007). She therefore cannot carry her burden of demonstrating prejudice from Wang's actions or Yerman's failure to discover Wang's actions. *See id.*

Similarly, without transcripts of her hearings and the IJ's 2009 oral decision, Huang cannot show that she was

prejudiced by any of Policarpio's advice or actions, including his initial recommendation to forgo appeal and his decision not to raise an ineffective assistance of counsel claim against Yerman. *See id.* Accordingly, the BIA did not abuse its discretion in finding that Huang failed to show prejudice from her former counsel's alleged errors and denying her motion to reopen as untimely. *See Rabiu*, 41 F.3d at 882; *Abudu*, 485 U.S. at 110.

Huang also argues for the first time in this Court that she was prejudiced by Yerman's filing of a baseless application for asylum rather than an application for adjustment of status or cancellation of removal, for which she was allegedly eligible. Before the BIA, Huang alleged something different: that Wang's filing of the fraudulent marriage certificate resulted in the denial of the *meritorious* asylum claim that Yerman filed for her. Because Huang failed to present this new argument to the agency, we decline to consider it now. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119-20 (2d Cir. 2006).

Huang's failure to support her motion with transcripts also prevents her from demonstrating that the IJ's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture, violated her

due process rights. *See Abudu*, 485 U.S. at 110. Huang argues that in her motion she identified law previously unconsidered by the IJ. But her counsel's arguments, new or not, do not of themselves constitute grounds for a motion to reopen. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984). And without transcripts of the IJ's 2009 oral decision, Huang's assertions regarding what the IJ considered are inadequately supported. Thus, even assuming that the BIA erred in construing her due process allegations as grounds for an untimely motion to reconsider, remanding these proceedings would be futile. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) (holding that remand is not required "where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion").

Last, Huang's argument that the BIA applied an incorrect standard when it considered only whether she was prejudiced by her former counsel's errors is misplaced. The BIA's findings that Huang failed to pursue diligently her claims for ineffective assistance, and that she failed to demonstrate prejudice from her counsel's alleged errors, each provided an independent basis for denying her untimely motion to reopen. Accordingly, the BIA had no obligation to

7

assess whether competent counsel would have acted otherwise. *See Rashid*, 533 F.3d at 130-131; *Rabiu*, 41 F.3d at 882-83; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk